**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SILVIA V. MALDONADO,

     Plaintiff,

v.                                   No. 1:25-cv-181 KG/KRS

BNSF RAILWAY COMPANY,
a Delaware corporation,

     Defendant.

## <u>ORDER DENYING PLAINTIFF'S MOTION TO QUASH (Doc. 46)</u>

THIS MATTER is before the Court on Plaintiff's Motion to Quash Defendant's Subpoena

For Documents To Sedgwick Claims Management ("Motion") (Doc. 46), filed September 2, 2025.

Defendant filed a response to the Motion on September 16, 2025, and Plaintiff filed a reply on

September 30, 2025. (Docs. 49, 51). Having considered the parties' briefing, the record of the case,

and relevant law, the Court denies the Motion.

### I.     Background

Plaintiff alleges that she suffered serious and permanent injuries while working for

Defendant as a conductor, and that Defendant is liable for her injuries under the Federal

Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq*. Among other things, Defendant asked

Plaintiff in discovery to describe any injuries she received during the course and scope of her

employment for each of her previous jobs, and to list any period of absence for medical leave or

treatment. (Doc. 49-2 at 2 (Defendant's Interrogatory No. 19)). Plaintiff objected, but then

responded that, "[o]n June 29, 2020, while working for FedEx, a box fell on my left pinky finger.

I was away for a couple of months for treatment and dealing with physical therapy." (*Id.*).

Defendant then issued a third-party subpoena to Sedgwick Claims Management seeking all records

concerning a workers' compensation claim filed by Plaintiff, which the parties represent relates to the pinky finger injury from 2020. Plaintiff asks the Court to quash the subpoena, arguing that the workers' compensation claim file includes confidential employment records, information concerning her personal financial affairs, and medical records that are not relevant to any issue in this case. To the extent that her finger injury is arguably relevant, Plaintiff contends that she has already sought out and produced the specific medical records related to that injury, rending the third-party subpoena moot. In response, Defendant argues that Plaintiff lacks standing to challenge the subpoena, and that the subpoena seeks relevant information regarding Plaintiff's pre-existing injuries, is reasonably calculated to lead to the discovery of admissible evidence, and is proportional to the needs of the case.

## II.    Legal Standard

Federal Rule of Civil Procedure 26 permits parties "to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). In considering whether to permit discovery, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. While "relevancy in discovery is broader than that required for admissibility at trial, the object of inquiry must have some evidentiary value" to be discoverable. *Dorato v. Smith*, 163 F. Supp. 3d 837, 865-66 (D.N.M. 2015) (citation omitted); *see also* FED. R. CIV. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence

to be discoverable."). In addition, Rule 26(c)(1) provides that courts may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Rule 45 governs subpoenas issued to nonparties. FED. R. CIV. P. 45; *see also Simon v. Taylor*, No. CIV 12–0096 JB/WPL, 2014 WL 6633917, at *14 (D.N.M. Nov. 18, 2014) ("Discovery of non-parties must be conducted by subpoena pursuant to [Rule] 45."). A court may quash or modify a subpoena that requests privileged or protected information or subjects a person to undue burden. FED. R. CIV. P. 45(d)(3)(A). While overbreadth and irrelevance are not contained within Rule 45's list of enumerated reasons for quashing a subpoena, it is generally accepted that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b). *See Quarrie v. Wells*, Civ. No. 17-cv-350 MV/GBW, 2020 WL 4934280, at *2 (D.N.M. Aug. 24, 2020) ("A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26."); FED. R. CIV. P. 45(d)(1) advisory committee note to 1970 amendments ("the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). Thus, the Court must examine whether a request contained in a subpoena is overbroad or seeks irrelevant information under the same standards as set forth in Rule 26(b).

### III.    Analysis

Before considering whether the subpoena should be quashed, the Court must determine whether Plaintiff has standing to move to quash a subpoena that was served on a non-party. *See Alsaadi v. Saulsbury Indus., Inc.,* No. 2:23-CV-291 KG/KRS, 2024 WL 2398210, at *2 (D.N.M. May 22, 2024). "A party generally has no standing to object to subpoenas issued to a non-party, absent some personal right or privilege regarding the subject matter in the documents sought." *Id*. Defendant points to FED. R. CIV. P. 45(d)(3)(A)(iii), which permits a court to quash or modify a

3

subpoena if it requires disclosure of privileged or other protected matter, but only "if no exception or waiver applies." Defendant argues that any claim of privilege or protection has been waived by Plaintiff's filing of the present lawsuit. That argument, however, conflates the merits issue of whether the subpoena ought to be quashed with the standing issue. *See Kiczuk v. United States,* No. 3:21-CV-707 (KAD), 2022 WL 100158, at \*3 (D. Conn. Jan. 11, 2022) ("While the Court recognizes that, in particular cases, a plaintiff's privacy interests in medical records could be outweighed by their relevance to issues in the litigation, any such relevance does not vitiate a plaintiff's standing to challenge the Rule 45 subpoena as a threshold matter."). The workers' compensation file sought by the subpoena likely includes personnel, financial, and medical records concerning Plaintiff. Therefore, the Court finds that Plaintiff has a privacy interest in those records sufficient to confer standing to seek a court order quashing the subpoena. *See, e.g.., id.* at \*2 (finding standing to pursue a motion to quash a Rule 45 subpoena based on privacy interest in documents from the Office of Comptroller related to the plaintiff's applications for disability retirement benefits, stating that the requested documents "include medical records and information pertaining to [the] plaintiff's physical conditions as well as testimony, correspondence and decisional documents that likely include references to such information"); *Beeson v. Safeco Ins. Co. of Am.,* No. CIV-20-327-SLP, 2021 WL 5288599, at \*2 (W.D. Okla. June 29, 2021) (holding that the plaintiff had standing to challenge a subpoena seeking third-party insurer's claim file relating to a previous accident involving the plaintiff); *Equal Emp. Opportunity Comm'n v. BOK Fin. Corp.*, No. CIV 11-1132 RB/LAM, 2014 WL 11829321, at \*2 (D.N.M. Feb. 4, 2014) (holding that a plaintiff has standing to quash a subpoena based on an underlying "personal right or privilege," which includes employment records, bank account records, personal financial affairs, and medical records (internal citations omitted)).

4

Next, the Court considers whether the subpoena should be quashed. Defendant argues that Plaintiff has waived any claim of privilege concerning her past finger injury by filing this lawsuit and placing her medical condition and history into issue. A plaintiff waives her privacy interest in medical records that are related to causation and damages as to her claim in the lawsuit, but does not waive her privacy interest in matters that are unrelated to the case or not calculated to lead to admissible evidence. *See Bottomly v. Leucadia Nat'l.*, 163 F.R.D. 617, 619 (D. Utah 1995); *see also Neira v. Gualtieri,* No. 8:22-CV-1720-CEH-NHA, 2024 WL 865883, at *5 (M.D. Fla. Feb. 29, 2024) ("When a plaintiff places [her] medical condition at issue, [her] pertinent medical records will be relevant and discoverable by defendants[ ] .… [who] have a right to investigate whether the events at issue, or other events, caused the injuries Plaintiff claims to have now." (internal quotation marks and citations omitted)); *Empey v. FedEx Ground Package Sys., Inc.*, No. CV 15-0815 KK/KBM, 2016 WL 10179244, at *5 (D.N.M. July 7, 2016) (waiver of privacy interest in medical records only applies to relevant medical conditions); *St. John v. Napolitano*, 274 F.R.D. 12, 17 (D.D.C. 2011) (the defendant is entitled to a plaintiff's medical records that have a logical connection to the plaintiff's claims of injury). The question, therefore, is whether Plaintiff's previous pinky finger injury is relevant to any claims or defenses in this case.

Defendant argues that the previous pinky finger injury is relevant to the issues of causation and Plaintiff's credibility. Specifically, Defendant states that Plaintiff initially only claimed injury from the present accident to her "right shoulder and arm down to hand," but that Plaintiff has since claimed that she suffers from right foot pain and burning that she attributes to the accident, as well as an injury that required her to undergo a cervical disc fusion at C5-6. (Doc. 49 at 2). Defendant also argues that Plaintiff's claim that her pinky finger injury was serious enough to cause her to miss work for a "couple of months" goes to the credibility of her self-reported injuries in this case.

(*Id.*). The Court agrees with Defendant. *See, e.g., Beeson*, 2021 WL 5288599, at *3 ("In light of the broad discovery standard, the Farmers claim file involving a similar injury is relevant to Plaintiff's bad faith claim in this case." (citing *Shutrump v. Safeco Ins. Co. of Am.*, No. 17-CV-0022-CVE-TLW, 2017 WL 3579211, at *2 (N.D. Okla. Aug. 18, 2017) (finding that separate insurer's claim file from a previous accident was relevant); *Fullbright v. State Farm Mut. Auto. Ins. Co.*, No. CIV–09–297–D, 2010 WL 274131, at *2 (W.D. Okla. Jan. 15, 2010) ("it is not uncommon for an insurer to seek discovery of medical records pertaining to prior injuries"))).

Plaintiff argues that the subpoena seeks "information concerning the receipt of unrelated … insurance benefits" which is "irrelevant as a collateral source that cannot offset a FELA award." (Doc. 46 at 2). As Plaintiff admits, the workers' compensation file relates to an unrelated injury, and therefore does not implicate the collateral source rule at all.[1] And even if it did, the fact that collateral sources may not be admissible evidence at trial does not mean a party is precluded from seeking discovery concerning those collateral sources. *See Heuskin*, 2020 WL 1450575, at *10 ("the collateral source rule is generally one of admissibility, not discoverability" (citing cases)). Meanwhile, Plaintiff's argument that, because the finger injury is unrelated to Plaintiff's present injuries it is not relevant or discoverable, ignores Defendant's arguments that the relevance goes to Defendant's ability to evaluate Plaintiff's asserted injuries in this case, *see Beeson*, *supra*; *Shutrump, supra*; *Fullbright*, *supra*, as well as to Plaintiff's credibility in self-reporting her injuries, *see Beeson*, 2021 WL 5288599, at *5 (concluding that workers' compensation documents

---

[1] "The collateral source rule states that '[p]ayments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable.'" *Heuskin v. D&E Transp., LLC*, No. CV 19-957 MV/GBW, 2020 WL 1450575, at *10 (D.N.M. Mar. 25, 2020) (quoting *Friedland v. Indus. Co.*, 566 F.3d 1203, 1205–06 (10th Cir. 2009) (quoting RESTATEMENT 2D OF TORTS § 920A(2) (1979))).

showing another accident in 2005 was relevant to the plaintiff's credibility); *see also Perrotte v. Boulton*, No. 5:22-CV-1593-SSS-SPX, 2024 WL 4405243, at *5 (C.D. Cal. Aug. 29, 2024) ("defendants are not required to accept plaintiff's contention that [evidence of other medical care sought by plaintiff] is not relevant").

Plaintiff next argues that, under FED. R. EVID. 608(b), extrinsic evidence is not admissible to prove specific instances of a witness's conduct for the purpose of attacking a witness's character for truthfulness. (Doc. 51 at 5). As this argument was first raised in Plaintiff's reply, the Court is not obliged to consider it. *Booker v. P.A.M. Transp., Inc.*, No. 2:23-CV-18 WJ/KRS, 2024 WL 5008744, at *3 (D.N.M. Dec. 6, 2024). But in any event, the argument is without merit because the issue here is whether the information is discoverable, not whether it will be admissible at trial. *See Beeson*, 2021 WL 5288599, at *3 ("While after-the-fact evidence may ultimately be inadmissible, … information need not be admissible to be discoverable." (internal citation omitted)). Plaintiff also argues that "[t]here is … no evidence whatsoever that the workers' compensation claim from [her] prior finger injury … was somehow improper." (Doc. 51 at 5). But Defendant is allowed to discover information that might prove otherwise. *See Garcia v. State Farm Mut. Auto. Ins. Co.,* No. 1:24-CV-1286 KK/KRS, 2025 WL 2966364, at *10 & n.19 (D.N.M. Oct. 21, 2025) ("the issue here is whether Plaintiff is entitled to discovery seeking information that would support his claims, not whether he may ultimately be successful or unsuccessful in the pursuit of his claims" (citing cases)); *see also In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1192 (10th Cir. 2009) ("a party should not be limited by its opponent's theory of the case in determining what is discoverable").

Finally, Plaintiff returns to her argument that subpoena is overbroad because the workers' compensation file includes confidential personal information beyond just medical records, such as

identifiers (e.g., name, e-mail, postal address, and phone number); demographic information; employment information; education history; sensitive information such as government identifiers; financial information and account details; geolocation information; commercial information (e.g., travel history); photos and videos; criminal history; and telephone recordings. (Doc. 51 at 2). Plaintiff argues that, to the extent that the workers' compensation file includes medical records, she "has already provided such records, and a subpoena is unnecessary and duplicative of previous discovery." (Doc. 46 at 2). Initially, the Court does not find the subpoena overbroad. *See, e.g., Shutrump*, 2017 WL 3579211, at *2 (rejecting similar overbroad argument, stating that the defendant "seeks a discrete file from Mercury, and requests for the production of discrete documents are not overly broad on their face"). Second, the fact that Plaintiff produced medical records related to the pinky finger injury does not mean that Defendant is precluded from seeking medical records found in the claims administrator's file. *See, e.g., id.* ("Plaintiff argues that he has provided defendant with medical records related to the March 2009 accident. However, [a] party is not required to rely on information furnished by the other party and may choose the method by which it seeks to obtain relevant information." (internal quotation marks and citation omitted)). And finally, "confidentiality does not equate to privilege." *Id.* The additional information in the claim file beyond medical records cited by Plaintiff appears to be mostly background information concerning Plaintiff that would be discoverable in this case in any event. Beyond that, the Court will order the parties to enter into an agreed confidentiality order and allow Plaintiff to designate some or all of the produced documents as being subject to the confidentiality order.

ACCORDINGLY, Plaintiff's Motion to Quash Defendant's Subpoena For Documents To Sedgwick Claims Management **(Doc. 46)** is **DENIED**.

IT IS SO ORDERED this 8th day of April, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE